NO. 07-07-0346-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 23, 2007
_____

CLIFTON WAYNE HARDEN, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NO. 54,244-A; HON. HAL MINER, PRESIDING
_____

*Order of Dismissal*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Clifton Wayne Harden, Jr., appellant, attempts to appeal his conviction for possession of a controlled substance, enhanced. The court imposed sentence on March 30, 2007. Appellant then filed a motion for new trial on April 27, 2007. His notice of appeal was filed on August 8, 2007. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new

trial is filed.  TEX. R. APP. P. 26.2(a).  A motion for new trial having been filed, appellant's notice of appeal was due to be filed on or before June 28, 2007.  Yet, it was not filed within that period but some forty-one days thereafter.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  *Id*. at 523.  Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]


Brian Quinn
Chief Justice


Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).